UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN T. STEVENS, : | |
| Plaintiff, : | Civ. No. 22-1306 (RK) (DEA) |
| v. : | |
| MERCER COUNTY CORRECTIONS : | **MEMORANDUM & ORDER** |
| CENTER, et al., : | |
| Defendants. : | |

Plaintiff, Calvin T. Stevens ("Plaintiff" or "Stevens"), is detained at the Mercer County Correctional Center ("MCCC") in Trenton, New Jersey. He is proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983 and has been granted *in forma pauperis* status. *See* ECF No. 9. Plaintiff's claims relate at least in part to mold at MCCC.

Previously, the Court screened Plaintiff's complaint and dismissed some claims with prejudice and other claims without prejudice. *See* ECF No. 14 & 15. Plaintiff then submitted a proposed amended complaint, *see* ECF No. 16, that is subject to screening by the Court pursuant to 28 U.S.C. §§ 1915 & 1915A. Subsequently, Plaintiff filed additional documents which the Court interprets as Plaintiff's attempt to supplement his proposed amended complaint. *See* ECF Nos. 17-19.

Such piecemeal attempts by Plaintiff seeking to amend his proposed operative pleading are procedurally improper. *See Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017) ("Neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit . . . addenda to his Complaint in . . . piecemeal fashion"). Instead, Plaintiff may submit an *all-inclusive* proposed amended complaint that remains subject to *sua sponte* screening by the Court. Plaintiff shall be

given the opportunity to file such a proposed *all-inclusive* amended complaint. Should Plaintiff elect not to do so in the time allotted, the Court will proceed with screening only those claims and allegations in his current proposed amended complaint filed at ECF No. 16.

Finally, Plaintiff submitted exhibits to the Court that purportedly have mold on them to the Court in his addenda to his proposed amended complaint. (*See* ECF 19). In any proposed all-inclusive amended complaint that Plaintiff may elect to file, such actual pieces of mold are unnecessary for purposes of the Court's screening of any proposed amended complaint. Indeed, at the screening stage, this Court construes Plaintiff's allegations in a proposed pleading as true, provided they have facial plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, facially plausible allegations, rather than actual physical evidence, will suffice to assist the Court for screening purposes should Plaintiff elect to file a different proposed all-inclusive amended complaint within the time allotted.

Accordingly, IT IS on this 2nd day of February, 2024,

ORDERED that Plaintiff shall have twenty-one (21) days from the date of this memorandum and order in which to file a proposed all-inclusive proposed amended complaint; and it is further

ORDERED that if Plaintiff does not file a proposed all-inclusive amended complaint within the time allotted by this memorandum and order, then the Court will screen only the claims and allegations within Plaintiff's proposed amended complaint at ECF No. 16; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Plaintiff by regular U.S. mail.

ROBERT KIRSCH
United States District Judge