## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CALVIN T. STEVENS,

        Plaintiff,

        v.

MERCER COUNTY CORRECTIONS
CENTER, et al.,

        Defendants.

Civil Action No. 22-1306 (RK)

MEMORANDUM & ORDER

Currently pending before the Court are two Motions to Dismiss (ECF Nos. 44-45) brought by separate sets of Defendants, which seek dismissal of Plaintiff's Amended Complaint. (ECF No. 16). Plaintiff did not file an opposition brief to either motion.[1] On January 12, 2026, however, Plaintiff filed a Motion in which he appears to seek reinstatement of certain Defendants that the Court dismissed in its sua sponte screening of the original complaint on August 18, 2023. (ECF Nos. 14-15, 53.) Although the Motions to Dismiss and Plaintiff's Motion are still pending, Plaintiff filed a Notice of Appeal on February 17, 2026, which has been docketed in the Third Circuit and also remains pending. (ECF Nos. 55, 57.) Plaintiff's filings are difficult to construe, and the Court is unable to discern the basis for his appeal.

Moreover, based on his recent filings, it appears that Plaintiff is no longer incarcerated at Mercer County Correctional Center, and he has not provided a legible updated address. On April 24, 2026, Plaintiff notified the Court that he would be released from Mercer County Correctional Center on May 12, 2026. (ECF No. 60.) He also notified the Court that he expects to be

---

[1] Plaintiff's mail was returned as undeliverable seven times between October 20, 2025 and November 25, 2025. (ECF Nos. 46-52.) Plaintiff also complains that he is not receiving mail and that prison officials are interfering with his right of access to the courts. (*See* ECF No. 58.) The Court will provide him with an opportunity to submit opposition papers within 45 days.

1

sentenced on a new charge on May 22, 2026, and would likely be incarcerated again at Mercer County Correctional Center before he is transferred to state prison. *See id.* Plaintiff also provides what appears to be a private address in Trenton, New Jersey, for mailing purposes, but that address is illegible. (*Id.*) Plaintiff's mail was also returned as undeliverable on May 8, 2026, but it is unclear if the mail was returned due to Plaintiff's release or for another reason.

In light of the pending appeal and Plaintiff's apparent release from Mercer County Correctional Center, the Court directs the Clerk to administratively terminate this case for docket management only pursuant to L. Civ. R. 10.1.[2] The Court also directs the Clerk to administratively terminate the motions pending at ECF Nos. 44-45, 53, 59 for the same reason.

Within 45 days, Plaintiff shall update his address and may submit a response to the Motions to Dismiss pending at ECF Nos. 44-45. If Plaintiff updates his address, the Court will direct the Clerk to reopen this matter and will decide the pending motions after the Third Circuit resolves Plaintiff's appeal. However, if Plaintiff fails to update his address or otherwise contact the Court within 45 days, the Court may sua sponte dismiss this matter for failure to prosecute. The Clerk is directed to send a copy of this Memorandum & Order to Plaintiff at Mercer County Correctional Center, which is his last known address.

---

[2] Plaintiff is informed that administrative termination is not a "dismissal," and that the Court retains jurisdiction over his case. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals). "Dismissals end all proceedings, at which time the district court relinquishes any jurisdiction over the matter. . . . By contrast, administrative closings do not end the proceeding. Rather, they are a practical tool used by courts to 'prune . . . overgrown dockets' and are 'particularly useful in circumstances in which a case, though not dead, likely to remain moribund for an appreciable period of time.'" *Id.* (citing *Freeman v. Pittsburgh Glass Works*, LLC, 709 F.3d 240, 247 (3d Cir. 2013) (internal quotation marks omitted); *see also Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("Administrative closings comprise a familiar, albeit essentially *ad hoc*, way in which courts remove cases from their active files without making any final adjudication.").

2

**IT IS, THEREFORE,** on this ___ day of May 2026,

**ORDERED** that the Court directs the Clerk to ADMINISTRATIVELY TERMINATE this case for docket management only pursuant to L. Civ. R. 10.1; and it is further

**ORDERED** that the Clerk shall ADMINISTRATIVELY TERMINATE the motions pending at ECF Nos. 44-45, 53, 59 for the same reason; and it is further

**ORDERED** that within 45 days, Plaintiff shall update his address and may submit opposition briefs to the Motions to Dismiss pending at ECF Nos. 44-45; and it is further

**ORDERED** that if Plaintiff updates his address, the Court will direct the Clerk to reopen this matter and decide the Motions to Dismiss and Plaintiff's Motion once the Third Circuit resolves Plaintiff's appeal; however, if Plaintiff fails to update his address or otherwise contact the Court within 45 days, the Court may sua sponte dismiss this matter for failure to prosecute; and it is further

**ORDERED** that the Clerk is directed to send a copy of this Memorandum & Order to Plaintiff at Mercer County Correctional Center, which is his last known address.

ROBERT KIRSCH
United States District Judge

3